IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROYAL PLUS, INC., | * | |
| Petitioner | * | |
| v. | * | CIVIL NO. JKB-23-2395 |
| THE CHILDREN'S HOSPITAL OF BALTIMORE CITY, INC., et al., | * | |
| Respondents. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

This case concerns a petition by Royal Plus, Inc. ("Petitioner") to establish a mechanics' lien on certain real property located in Baltimore, Maryland (the "Property") pursuant to Md. Code Ann., Real Prop. §§ 9-101 to 9-114 (the "Mechanics' Lien Statute"). (ECF No. 9-3.) Respondent Landmark Recovery of Maryland, LLC ("Landmark") removed this case from the Circuit Court for Baltimore City on August 31, 2023, alleging that Petitioner fraudulently joined certain parties to prevent removal of this case on the basis of diversity jurisdiction. (ECF No. 1.) Respondents CTR Partnership, L.P. ("CTR") and The Children's Hospital of Baltimore City, Inc. ("Children's Hospital") then filed individual Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 3, 4.) Petitioner has not responded to the Motions to Dismiss or challenged the removal of this case.

Because the Court lacks jurisdiction over this case for the reasons that follow, the Court will find the pending Motions moot and remand this case to the Circuit Court for Baltimore City. *See* 28 U.S.C. § 1447(c).

## I.     *Factual Background and Procedural History*[1]

Petitioner is a Maryland corporation that provided "labor, materials, tools, equipment, supplies, supervision and services" to the Property pursuant to a contract with Landmark (the "Contract"). (ECF No. 9-3 ¶¶ 1, 7; ECF No. 9-6.) All parties agree that Children's Hospital owns the Property in fee simple and that Landmark and CTR maintain leasehold interests in the Property. (ECF No. 9-3 ¶¶ 2–4; ECF No. 2 ¶¶ 2–4.) Petitioner alleges that Landmark owes $3,382,784.55 for services that Petitioner performed under the Contract between December 27, 2022 and January 25, 2023. (ECF No. 9-3 ¶¶ 9–10.) In March, April, and May 2023, Petitioner served multiple notices on Respondents, informing them of the amount due under the Contract and of Petitioner's intention to establish a lien against the Property. (*Id.* ¶ 13; ECF No. 9-8 at 1–23.)

On July 13, 2023, Plaintiff commenced this case by filing a Petition to Establish and Enforce a Mechanics' Lien in the Circuit Court for Baltimore City (the "Petition") pursuant to Md. Code Ann., Real Prop. § 9-105. (ECF No. 9-3.) On August 31, 2023, Respondents filed a Verified Answer to the Petition. (ECF No. 2.)

That same day, Landmark removed the case to this Court on the basis of diversity jurisdiction. (ECF No. 1.) Landmark asserts that removal is proper pursuant to 28 U.S.C. § 1332, (*id.* at 1), which permits this Court to exercise jurisdiction over a matter in which complete diversity exists and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. In its Notice of Removal, Landmark contends that Petitioner's joinder of Children's Hospital—"the only alleged citizen of Maryland" named as a respondent in this matter and the fee-simple owner of the

---

[1] "In deciding whether a party has been fraudulently joined, a court may consider not only the allegations contained in the complaint, but the entire record." *Mandley Excavating, LLC v. Lund*, Civ. No. DKC 13-0840, 2013 WL 2383661, at *2 (D. Md. May 29, 2013) (citing *AIDS Counseling & Testing Ctrs. v. Grp. W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990)). Accordingly, the facts recited in this section are taken from the Petition, the exhibits thereto, and Respondents' Verified Answer. (ECF Nos. 2, 9.)

Property—is improper because "a mechanic's lien for work performed on a building subject to a leasehold interest can attach only to the leasehold interest, and not the fee simple interest." (*Id.* at 2–3.) Landmark maintains that because Petitioner contracted only with Landmark, who holds a leasehold interest in the Property, any mechanics' lien that Petitioner may establish in this case "can reach only the leasehold interest maintained by" Landmark. (*Id.* at 4.) Accordingly, Landmark contends that because there is "no possibility that" Petitioner could establish a cause of action against Children's Hospital, the doctrine of fraudulent joinder requires the Court to disregard Children's Hospital's Maryland citizenship and exercise jurisdiction over this case pursuant to 28 U.S.C. § 1332. (*Id.*)

On September 13, 2023, Landmark filed an Amended Statement Pursuant to Standing Order 2021-13 in which it "extend[ed] [its] contention of fraudulent joinder to expressly include CTR" on the basis that, although CTR and Children's Hospital are both Maryland citizens, neither party is an "owner" under the Mechanics' Lien Statute and, accordingly, neither party is "subject to an action thereunder."[2] (ECF No. 11 ¶ 5.) Landmark further asserts in its Amended Statement that, "[e]ven if not fraudulently joined," Children's Hospital and CTR are "nominal defendants, which may also be disregarded for purposes of determining diversity jurisdiction[.]"[3] (*Id.*)

## II.   Legal Standards

### A.   Fraudulent Joinder

Under the doctrine of fraudulent joinder, a district court may "disregard, for jurisdictional

---

[2] The Amended Statement appears to have been filed to correct a nearly identical statement that Landmark filed earlier the same day in which Landmark identified itself as a Maryland limited liability company ("LLC"). (ECF No. 10 ¶ 2.) In the Amended Statement, Landmark describes itself as a Delaware LLC. (ECF No. 11 ¶ 2.)

[3] Two Motions to Dismiss, filed by Children's Hospital and CTR on September 1, 2023, are also pending. (ECF Nos. 3, 4.) Because the Court will remand this case for lack of subject matter jurisdiction for the reasons explained below, the Court will find these motions moot.

purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The doctrine is an exceptional one, applying only where a removing party can show either "'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the [non-diverse] defendant in state court.'" *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)).

"The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Id.* (quoting *Hartley*, 187 F.3d at 424). This standard "heavily favors" plaintiffs, who must show only a "glimmer of hope" of succeeding on their claims. *Id.* (quoting *Mayes*, 198 F.3d at 466). The standard for assessing fraudulent joinder is "even more favorable to the plaintiff" than the standard for evaluating a motion to dismiss. *Id.* (quoting *Hartley*, 187 F.3d at 424).

### B.   *Mechanics' Liens*

Under Maryland law, a mechanics' lien is a statutory remedy that permits "unpaid contractors or subcontractors who furnish labor or materials in the improvement of real property" to "establish a lien upon the property improved." *York Roofing, Inc. v. Adcock*, 634 A.2d 39, 44 (Md. 1993). The substantive and procedural criteria set forth at Md. Code Ann., Real Prop. §§ 9-101 to 9-114 govern the process for establishing and enforcing a mechanics' lien in Maryland. *See* Md. Code Ann., Real Prop. §§ 9-101–114; *see also* Md. R. 12-301–308 (setting forth additional procedural requirements for actions to establish and enforce mechanics' liens). A mechanics' lien "is only a means of receiving payment[;] it is not a claim upon which the lien is founded." *Brendsel v. Winchester Const. Co., Inc.* 875 A.2d 789, 803 (Md. Ct. Spec. App. 2005) (brackets in original)

4

(quoting *Hill v. Parkway Indus. Ctr.*, 435 A.2d 472, 476 (Md. Ct. Spec. App. 1981)).

### III.   *Analysis*

Because Landmark does not assert that Petitioner committed outright fraud in its pleading of jurisdictional facts, the Court must determine whether there is any possibility that Petitioner may maintain an action for a mechanics' lien against Children's Hospital or CTR, both of whom Landmark characterizes as Maryland citizens fraudulently joined in this matter. *See Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). Landmark asserts that joinder of Children's Hospital and CTR in this matter is improper for two reasons: (1) neither Children's Hospital nor CTR are "owners" under the Mechanics' Lien Statute and (2) any lien established in this matter can only attach to the leasehold interest held by Landmark. (*See* ECF Nos. 1, 11.) For the following reasons, the Court determines that both arguments fail to support Landmark's assertion that Children's Hospital and CTR have been improperly joined. Accordingly, the Court will remand this matter to the Circuit Court for Baltimore City for lack of jurisdiction. *See* 28 U.S.C. § 1447(c).

As an initial matter, the Court disagrees with Landmark's assertion that Children's Hospital and CTR may not be named as respondents in this matter unless they are "owners" under the Mechanics' Lien Statute. (*See* ECF No. 11 ¶ 5.) The statute defines "owner" as "the owner of the land except that, when the contractor executes the contract with a tenant for life or for years, 'owner' means the tenant." Md. Code Ann., Real Prop. § 9-101(f). Similarly, Maryland Rule 12-301, which concerns the establishment and enforcement of mechanics' liens, defines "owner" as "the owner of record of the land except that, when the contractor executes the contract with a tenant for life or for years, 'owner' means the tenant." Md. R. 301(b)(6); *see also S. Mgmt. Corp. v. Kevin Willes Const. Co.*, 856 A.2d 626, 637 (Md. 2004) (describing the definitions of "owner" set

forth in Rule 12-301(b)(6) and Md. Code. Ann., Real Prop. § 9-101(f) as "identical").

Landmark's position is unavailing because it fails to consider the joinder rule relevant to the Mechanics' Lien Statute. Maryland Rule 12-302 governs the commencement of an action to establish a mechanics' lien and provides, in relevant part, that:

> The plaintiff shall bring an action to establish a mechanics' lien against the owner of the land against which the lien is sought to be established. The plaintiff may join, but is not required to join, any other person who has or may have an interest in the land and who may be entitled to share in the proceeds of a sale of the land.

Md. R. 12-302(c). As Respondents acknowledge in their Verified Answer, CTR maintains a leasehold interest in the Property and Children's Hospital is the Property's fee-simple owner. (ECF No. 2 ¶¶ 3–4.) Therefore, Children's Hospital and CTR "have an interest" in the Property. Md. R. 12-302(c). Moreover, Landmark does not contend that CTR or Children's Hospital would be barred from sharing in the proceeds of a sale of the Property. (*See generally* ECF Nos. 1, 2.) Accordingly, Maryland Rule 12-302(c) permits Petitioner to join Children's Hospital and CTR in this action irrespective of whether they are "owners" of the Property pursuant to the Mechanics' Lien Statute. *See* Md. R. 12-302(c).

Landmark further asserts that joinder of Children's Hospital is improper on the basis that any mechanics' lien established by Petitioner "can reach only the leasehold interest maintained by" the party with whom Petitioner contracted—namely, Landmark. (ECF No. 1 at 4.) Landmark bases this assertion on the correct observation that when a tenant contracts for repairs to real property, a mechanics' lien on the property may attach only to that tenant's leasehold interest. (*Id.*; *see Noone Elec. Co. v. Frederick Mall Assocs.*, 359 A.2d 91, 93 (Md. 1976) ("[T]he lien attaches only to whatever interest or estate is held by the person liable for the cost of construction or improvement.").) But the broad scope of Rule 12-302(c)'s joinder provision renders Landmark's position unavailing. In addition to permitting the joinder of "any" party who has an interest in the

land at issue, the rule further extends joinder to entities who "may" have such an interest and "may" be able to share in the proceeds of a sale of the land at issue. Md. R. 12-302(c). Given this rule's expansive text, Landmark's position that only a contracting leasehold owner may be properly named in a mechanics' lien petition is unpersuasive.

Additionally, Landmark overlooks the possibility that its leasehold interest could end, which would cause that interest to merge with the interest held by CTR or Children's Hospital and would render the rule stated in *Noone* inapplicable to this case. Maryland's intermediate appellate court considered such a scenario in *Cabana, Inc. v. Eastern Air Control, Inc.*, 487 A.2d 1209 (Md. Ct. Spec. App. 1985). In *Cabana*, a petitioner seeking to establish a mechanics' lien filed a petition against two parties: (1) a tenant with whom the petitioner contracted; and (2) the tenant's landlord. *Cabana*, 487 A.2d. at 1210. After the trial court entered the lien, the tenant "failed to satisfy" the lien and failed to pay rent to the landlord, which resulted in the termination of the tenant's lease. *Id.* The owner appealed the trial court's decision that the lien "remained on the building" regardless of the termination of the tenant's lease. *Id.* at 1211. The appellate court affirmed and explained that although a mechanics' lien "can attach only to whatever interest is held by the person liable for the improvement, and not against the reversionary interest of the landlord," such a lien remains enforceable even after the tenancy of a contracting leasehold owner expires because "the lien stays with the building[.]" *Id.* at 1213–14 (recognizing that to hold otherwise would be to "permit the landlord to gain a windfall at the expense of the mechanic" upon the termination of a contracting tenant's lease).

*Cabana* makes clear that any lien established by Petitioner would remain on the Property irrespective of the termination of Landmark's tenancy. *See id.* For this reason, the Court is unpersuaded by Landmark's assertion of improper joinder on the basis that a mechanics' lien may

attach only to Landmark's leasehold interest. If the leasehold and fee-simple interests in the Property were to merge upon the termination of Landmark's and CTR's tenancies, then Petitioner's lien would attach to the merged interest held by Children's Hospital. *See Waite Lumber Co. v. Masid Bros.*, 200 N.W.2d 119, 122 (Neb. 1972) (explaining that "[a]lthough a mechanic's lien when filed attaches only to an equitable estate, it may be enforced against the fee after the equitable and legal titles have merged."). Accordingly, Children's Hospital is properly named in this action because Petitioner has at least a "glimmer of hope" of establishing a lien against an interest held by Children's Hospital. *See Hartley v. CSX Transp.*, 187 F.3d 422, 424 (4th Cir. 1999).

Petitioner's would-be lien could also attach to the leasehold interest held by CTR. In addressing Landmark's contention of fraudulent joinder, the Court must construe all facts in the record in Petitioner's favor. *See Marshall v. Manville Sales Corp.*, 6 F.3d 229, 233 (4th Cir. 1993). Governed by this standard, and in light of the materials submitted by Petitioner and Respondents, the Court observes that it is possible for a lien to attach to CTR's leasehold interest if Landmark's tenancy is terminated. The record indicates that LL Baltimore Realty, LLC ("LL"), a non-party to this case, assigned its leasehold interest in the Property to CTR in 2016.[4] (ECF No. 9-5 at 1–5.) Moreover, the Verified Answer describes the Property as being "subject to a sub-tenancy for years." (ECF No. 2 ¶ 3.) Respondents do not explicitly identify Landmark as the holder of the "sub-tenancy" referenced in the Verified Answer. (*See generally id.*) But, construing this ambiguity in Plaintiff's favor, the Court observes that if CTR has subleased the Property to Landmark, then Landmark's interest in the Property would ordinarily revert to CTR at the

---

[4] When a lease is assigned, the assignee "steps into the lessee's shoes and acquires all the lessee's rights in the lease." *Italian Fisherman v. Middlemas*, 545 A.2d 1, 4 (Md. 1988).

conclusion of Landmark's subtenancy. *See Northside Station Assocs. P'ship v. Maddry*, 413 S.E.2d 319, 321 (N.C. Ct. App. 1992) ("A sublease . . . is a conveyance in which the tenant retains a reversion in some portion of the original lease term, however short.") (citations omitted).

Because a lien remains with the land regardless of a tenant's departure, any liens on the interest held by Landmark would become part of CTR's leasehold interest if Landmark's subtenancy were to end. *See Cabana*, 487 A.2d. at 1213–14. As such, the Court must reject Landmark's assertion of fraudulent joinder with respect to CTR because Petitioner possesses a "glimmer of hope" of establishing a mechanics' lien against an interest held by CTR. *See Hartley*, 187 F.3d at 424.[5]

In sum, Landmark cannot meet its heavy burden of showing that Children's Hospital and CTR were fraudulently joined in this matter because: (1) Maryland Rule 12-302(c) permits Petitioner to join Children's Hospital and CTR in this matter; and (2) any lien established in this matter may ultimately attach to an interest held by Children's Hospital or CTR.[6] Accordingly, Petitioner's proper joinder of Children's Hospital and CTR (both of whom are Maryland citizens) precludes the Court from exercising jurisdiction over this case pursuant to 28 U.S.C. § 1332, as Petitioner is also a Maryland citizen. *See* 28 U.S.C. § 1332. The Court must therefore remand this case to state court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). Lastly,

---

[5] Having determined that Landmark's assertions of fraudulent joinder are unavailing, the Court also observes that remand is warranted in light of the Fourth Circuit's instruction that "if federal jurisdiction is doubtful, a remand [to state court] is necessary." *Dixon v. Coburg Dairy*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc).

[6] The Court also rejects Landmark's contention that Children's Hospital and CTR are merely "nominal defendants[.]" (ECF No. 11 ¶ 5.) "[A] party whose personal interests are directly and substantially affected by the outcome of a suit[] is not a nominal or formal party." *Birnbaum v. SL & B Optical Ctrs., Inc.*, 905 F. Supp. 267, 270–71 (D. Md. 1995). As explained above, it is possible for either CTR's or Children's Hospital's interests in the Property to be directly impacted in this matter.

because the Court lacks jurisdiction over this case, the Court finds the pending Motions to Dismiss moot. *See Fernandez v. Groundworks Operations, LLC*, Civ. No. DCN-21-2209, 2023 WL 1110942, at *3 (D.S.C. Jan. 30, 2023) ("Since the court lacks jurisdiction, it lacks the power to decide the [pending] motions . . . and thus it finds those motions moot.").

### IV.   Conclusion

For the foregoing reasons, the Court determines that it lacks subject matter jurisdiction over this matter. Accordingly, the pending Motions to Dismiss will be found moot and this case will be remanded to the Circuit Court for Baltimore City by accompanying Order.

DATED this 24 day of October, 2023.

BY THE COURT:

_____
James K. Bredar
Chief Judge